*Law Offices of*
***BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

*Law Offices of*
***BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.***
*600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-7748
Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Frank Baker, on behalf of himself and all those similarly situated, | Case No. _____ |
| Plaintiff, | **COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |
| v. | **[JURY TRIAL DEMANDED]** |
| ClearOne Advantage, LLC, | |
| Defendant. | |

- 1 -

Plaintiff Frank Baker, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") for his Complaint against Defendant ClearOne Advantage, LLC ("ClearOne") alleges as follows:

### I. NATURE OF THE CASE

1. Plaintiff brings this action against ClearOne for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and its unlawful failure to pay wages due in violation of the Arizona Wage Statute, A.R.S. §§ 23-351-353, and 23-355.

2. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation and treble damages resulting from ClearOne's violations of the Arizona Wage Statute. For collective action and class action purposes, the proposed Class consists of:

> All current and former ClearOne employees who worked in Arizona and were paid on an hourly basis plus incentive pay during the Liability Period ("Class Members").[1]

3. For at least three (3) years prior to the filing of this action (the "Liability Period"), ClearOne had and continues to have a consistent policy and practice of suffering or permitting employees who worked in Arizona and were paid on an hourly basis plus incentive pay, including Plaintiff, to work well in excess of forty (40) hours per week, without paying them proper overtime compensation and incentive pay due as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated Class Members. Plaintiff and

---

[1] Plaintiff reserves the right to modify this definition based on discovery obtained during the litigation.

- 2 -

all similarly situated Class Members who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

4. Plaintiff intends to request the Court authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by ClearOne in this District.

## III. PARTIES

8. At all times relevant to the matters alleged herein, Plaintiff Frank Baker resided in the State of Arizona in Maricopa County.

9. Plaintiff is a full-time, non-exempt employee of ClearOne employed as an Account Executive in Arizona beginning in or around January 2019 and until in or around June 2019.

10. As an Account Executive for ClearOne, Plaintiff is paid an hourly wage of $19.23 per hour plus non-discretionary incentive pay, which the company terms a "commission" or "bonus."

11. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become Party Plaintiff, signed by the above-named Plaintiff, Frank Baker, opting him into this lawsuit.

12. Defendant ClearOne Advantage, LLC is a Maryland corporation authorized to do business in Arizona.

13. ClearOne hires Class Members like Plaintiff at call centers and to work from home offices in Arizona primarily to service consumers across the United States who are seeking debt relief.

14. Plaintiff and the other similarly situated Class Members are employees as defined in 29 U.S.C. § 203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350(2).

15. At all relevant times, ClearOne was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350(3).

16. At all relevant times, ClearOne has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

17. ClearOne provides debt relief services to consumers throughout the United States.

18. ClearOne employs hundreds of hourly employees who receive incentive pay in Arizona, whose work consists primarily to provide debt relief services for individuals who contact ClearOne.

19. Plaintiff was employed by ClearOne as an Account Executive at its Chandler, Arizona call center from in or around January 2019 until in or around June 2019.

20. As an Account Executive, Plaintiff's responsibilities generally consist of making and answering calls from individuals about debt relief services provided by ClearOne.

21. Plaintiff provides debt relief services to ClearOne's clients, helping them settle their debts by negotiating and assisting with creditors.

22. Plaintiff is paid an hourly wage of $19.23 per hour. Plaintiff also receives non-discretionary incentive pay, termed a "commission" and "bonus" by the company, paid either bi-weekly or monthly. Plaintiff's incentive pay termed "commission" is based on a mathematical formula primarily calculated based on the weekly average debt enrolled per hour worked. Plaintiff's incentive pay termed "bonus" is based on the number of enrollments received per month; for example, if Plaintiff received 12 enrollments in the first month, he would receive a bonus of $500.

23. The incentive pay termed a "bonus" did not vary based on how the service was provided.

24. The incentive pay termed a "commission" did not vary based on the service provided.

25. Rather, the incentive payouts are based on numerical standards, including daily and monthly goals and revenue quotas.

26. Plaintiff's incentive pay on his pay checks consisted of less than one half of overall earnings during the typical pay period.

27. ClearOne routinely failed to pay Plaintiff the incentive pay that he earned and all the overtime he was owed.

28. ClearOne also routinely required Plaintiff to work in excess of forty hours per week, but the company failed to pay him for all the overtime hours he worked and failed to pay the overtime rate required by law.

29. Even when overtime was paid, ClearOne failed to properly pay Plaintiff and the Class Members all the overtime wages they are due.

30. ClearOne failed to maintain accurate records of Plaintiff's and the Class Members' time, incentive payments, and overtime in violation of the FLSA, including records sufficient to accurately determine the wages and hours of employment for Plaintiff and the similarly situated Class Members.

31.     ClearOne's failure to maintain accurate payroll records also resulted in Plaintiff and the similarly situated Class Members not receiving all the wages they earned including overtime.

32.     For example, Plaintiff's pay statement for April 1, 2019 to April 15, 2019 indicates that he worked 88.18 hours at his regular hourly rate of $19.23 per hour. However, ClearOne only paid him for 0.78 hours of overtime at $28.845 per hour. He also earned a non-discretionary bonus that same pay period in the amount of $91.00. ClearOne failed to pay Plaintiff for 7.4 hours of overtime he worked. ClearOne also failed to pay Plaintiff the proper overtime rate for all the overtime hours he worked during this pay period, including the 0.78 hours of overtime he was paid, because ClearOne failed to factor in the non-discretionary incentive pay he earned into his overtime rate.

33.     Similarly, Plaintiff's pay statement for March 1, 2019 to March 15, 2019 indicates that he worked 86.50 hours at his regular hourly rate of $19.23 per hour. However, ClearOne only paid him 3.72 hours of overtime at $28.845 per hour. ClearOne failed to pay him for 2.78 hours of overtime. Plaintiff also earned a non-discretionary bonus in the amount of $208.00 for this same two-week period. He also earned a non-discretionary commission in the amount of $74.40 for March 2019. However, ClearOne failed to pay Plaintiff the proper overtime rate for all the overtime hours he worked during this pay period, including the 3.72 hours of overtime he was paid, because ClearOne failed to factor in the non-discretionary incentive pay into his overtime rate and failed to pay all the overtime he was owed.

34.     These are two examples of how ClearOne routinely failed to pay Plaintiff the overtime wages due. ClearOne did not factor into Plaintiff's regular rate of pay the amount of non-discretionary incentive pay he earned each week. As a result, Plaintiff's overtime rate was only based on his regular hourly rate, and the overtime rate failed to take into account his total compensation, including non-discretionary incentive pay he earned.

35. Plaintiff routinely works in excess of forty (40) hours per week as part of his regular schedule as an Account Executive, routinely working between three and five hours of overtime in a workweek.

36. Plaintiff's payment of wages by ClearOne is indicative of how ClearOne failed to pay the similarly situated Class Members all the overtime and wages they were due as well.

37. Plaintiff and the Class Members are typically scheduled to work forty hours per week. However, they often get calls at the end of their shifts, which results in them having to work overtime to complete the calls. Some of the overtime hours are reflected in their pay statements, but ClearOne fails to pay the overtime at the proper rate required by the FLSA and fails to pay overtime for all the overtime hours worked.

38. Despite having worked numerous hours of overtime, Plaintiff was not paid proper overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over forty in a work week.

39. ClearOne failed to factor in his incentive pay termed "commissions" and "bonuses" on his pay statements to his overtime rate in violation of the FLSA.

40. ClearOne also failed to timely pay Plaintiff all the wages that he was due in violation of the Arizona Wage Statute, including incentive pay he earned.

41. ClearOne's pay practices toward Plaintiff are indicative of the similarly situated Class Members.

42. ClearOne's improper policies and compensation practices applied to Plaintiff and all similarly situated Class Members he seeks to represent.

43. For example, ClearOne provided its employees, including Plaintiff, with written pay policies and procedures uniformly applicable to all Class Members governing the compensation practices applicable to them.

44. All the Class Members are uniformly subject to the same unlawful compensation practices that Plaintiff was subjected to during his employment at ClearOne.

## V. COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined in paragraph 2 above.

46. ClearOne's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

47. ClearOne's overtime wage practices were routine and consistent. Throughout the Liability Period, employees regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

48. Other Class Members performed the same or similar job duties as Plaintiff. Moreover, these Class Members regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by ClearOne's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

49. ClearOne's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by ClearOne.

50. All Class Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. CLASS ACTION ALLEGATIONS

51. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). The Class is defined in paragraph 2 above.

52. Throughout the Liability Period, ClearOne has employed hundreds of Class Members in Arizona. The Class is therefore so numerous that joinder of all members is impracticable. Members of the Class can readily be identified from business records maintained by ClearOne.

53. Proof of ClearOne's liability under the Arizona Wage Statute involves factual and legal questions common to the Class. Whether ClearOne paid Class Members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class Members, including but not limited to whether they were paid all the commissions earned and wages due.

54. Like Plaintiff, all Class Members worked without being paid statutorily required wages. Plaintiff's claim is therefore typical of the claims of the Class.

55. Plaintiff has no interest antagonistic to those of other Class Members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class Members are therefore fairly and adequately protected.

56. This action is maintainable as a class action under Rule 23(b)(1) because prosecution of separate actions by or against individual members of the class would create risk of: (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

57. This action is maintainable as a class action under Rule 23(b)(2) because ClearOne "has acted or refused to act on grounds generally applicable to the class," thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Unless an injunction is issued, ClearOne will continue to commit the violations alleged and the members of the Class and future employees of ClearOne will continue to be subjected to ClearOne's wrongful practices.

58.     This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

59.     In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources.  Further, because the damages suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

60.     Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members.  Although the amount of damages may differ by individual, the damages are objectively ascertainable and can be straightforwardly calculated.

## VII. COUNT ONE

**(Failure to Properly Pay Overtime Wages and Record Keeping Violations - FLSA - 29 U.S.C. § 207 et seq.)**

61.     Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

62.     Plaintiff and Class Members are a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

63.     ClearOne was an employer pursuant to 29 U.S.C. § 203(d).

64.     ClearOne failed to comply with 29 U.S.C. § 207 because Plaintiff and Class Members worked for ClearOne in excess of forty hours per week, but ClearOne failed to pay Plaintiff and Class Members for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

65.     ClearOne's failure to pay overtime to Plaintiff and Class Members was willful.  ClearOne knew Plaintiff and Class Members were working overtime but failed to

properly pay overtime wages. ClearOne had no reason to believe its failure to pay overtime was not a violation of the FLSA.

66. At all relevant times, ClearOne willfully, regularly, and repeatedly failed, and continues to fail to make, keep, and preserve accurate time records required by the FLSA with respect to Plaintiff and the other similarly situated Class Members, including records accurately documenting the wages and hours of employment pertaining to Plaintiff and the Class Members.

67. Plaintiff and Class Members are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VIII. COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute)**

68. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

69. ClearOne was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

70. ClearOne was aware that, under A.R.S. §§ 23-351-353, it was obligated to pay all wages due to Plaintiff and Class Members.

71. ClearOne failed to timely pay Plaintiff and Class Members wages they were due without a good faith basis for withholding the wages.

72. ClearOne has willfully failed and refused to timely pay wages due to Plaintiff and Class Members. As a result of ClearOne's unlawful acts, Plaintiff and Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX. REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order ClearOne to file with this Court and furnish to Plaintiff's counsel a list of the names and addresses of all Class Members for the past three years;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all Class Members for the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt-into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C. For the Court to declare and find that ClearOne committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt-into this action;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff and Class Members;

D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E. For the Court to award interest on all overtime compensation due accruing from the date such amounts were due;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award restitution;

H. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

I. For the Court to award pre- and post-judgment interest;

J. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and

K. For such other relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

73. Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial of the claims by jury to the extent authorized by law.

DATED: June 26, 2019.

        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

         /s/ Ty D. Frankel
        Ty D. Frankel
        2325 E. Camelback Road, Suite 300
        Phoenix, Arizona 85016
        Telephone: (602) 274-1100
        Facsimile: (602) 798-5860

        BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
        Patricia N. Syverson
        600 W. Broadway, Suite 900
        San Diego, California 92101

        Attorneys for Plaintiff